UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH A. KOEHN,

                    Petitioner,

        v.                                          **DECISION AND ORDER**
                                                    15-CV-984S
UNITED STATES OF AMERICA,                           10-CR-264S

                    Respondent.

## I. INTRODUCTION

Presently before this Court is *pro se* Petitioner Joseph A. Koehn's Motion to
Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, and his Motion
to Expand the Record.  For the reasons discussed below, Koehn's motions are denied.

## II. BACKGROUND

On April 3, 2012, Koehn appeared before this Court and pleaded guilty to one
count of attempted production of child pornography in violation of 18 U.S.C. § 2251(a) &
(e), and one count of possession of child pornography in violation of 18 U.S.C.
§ 2252A(a)(5)(B).  (Docket Nos. 85 (Plea Agreement), 113 (Tr. of Plea Allocution ("Tr."))).
In the plea agreement, Koehn agreed that, for the attempted production of child
pornography charge, the minimum possible sentence by that statute was a term of
imprisonment of fifteen years and a maximum of thirty years, a fine of $250,000, a
mandatory $100 special penalty assessment, and a term of supervised release of at least
five years and up to life; and for the possession of child pornography, a maximum term of
ten years' imprisonment, a fine of $250,000, a mandatory $100 special penalty
assessment, and a term of supervised release of at least five years and up to life.  (Plea

1

Agreement, Docket No. 85, ¶ 1(a), (b))

At the plea allocution, the Court confirmed with Koehn that he understood the charges to which he was pleading guilty, the sentence he was facing and how the sentencing range was calculated, and the terms of supervised release. (Tr. at 7-9) Koehn also confirmed that he understood that he had the option to plead—guilty or not guilty—to either, both, or neither charges:

> The Court: Okay. Now, Mr. Koehn, you can plead to either or both charges, guilty or not guilty. You understand that, correct?
>
> Defendant: Yes.

(Tr. at 19)

The Court also confirmed that Koehn understood he had the option to proceed to trial, and if so, what the Government would be required to prove:

> The Court: You have the right to demand a trial . . . . [t]he government would have to prove each of the charges and essential elements beyond a reasonable doubt . . . [e]ach one of the [paragraphs in the plea agreement] apply to a specific count. And they detail what at least part of the evidence would be at trial. Did you go over that carefully?
>
> Defendant: Yes.
>
> The Court: And is it accurate?
>
> Defendant: Yes.
>
> The Court: And did you do what's charged there?
>
> Defendant: Yes.
>
> . . . .
>
> Government: Judge, if this case went to trial, the government would call witnesses from the Buffalo Police Department and the FBI who would testify about the written statements that the defendant made making admissions to these crimes. We would enter into evidence computer chats and cell phone chats involved in this case. We would call

2

> witnesses from – possibly from companies who would testify about evidence that was found forensically through his computer as well.

> The Court: And that would be in addition to what's set out here?

> Government: Yes, your Honor.

> The Court: Okay.

> Government: And, Judge, there's just one more thing. We would also enter into evidence the child pornography that was found on his computer.

> The Court: Okay. Well, let's move from there – and you told me that's accurate, right?

> Defendant: Yes.

(Tr. at 10, 12-13)

After accepting Koehn's guilty plea, the Court confirmed with Koehn that his plea was voluntary:

> The Court: Is it a fair statement to say that with respect to each guilty plea and everything you've done here today [,] it's been voluntary?

> Defendant: Yes.

(Tr. at 19-20)

Koehn was sentenced on October 15, 2013, to a term of incarceration of 20 years on the attempted production of child pornography count, and 10 years on the possession of child pornography count, to run concurrently. (Docket No. 114 at 44) Koehn was also sentenced to 10 years of supervised release on each count, to run concurrently. (Id.) The term of imprisonment was less than the guideline sentencing range set forth in the plea agreement, and the term of supervised released was within the range set forth in the plea agreement. (Id.; Docket 85 ¶ 23) At his sentencing hearing, Koehn made a statement acknowledging his wrongdoing: "I'm [ ] truly sorry for what I did. I didn't mean

for anybody to get hurt. It was just [a] conversation that got way out of control"; "You know, I understand that there's consequences for what I did and, you know, and everything. But, you know, rather than that, I don't know really what else to say besides I'm truly sorry, you know." (Docket No. 114 at 27, 31)

Koehn timely appealed his conviction. (Docket No. 108, Notice of Appeal, 10/25/2013) On October 14, 2014, the Second Circuit dismissed Koehn's appeal and affirmed his conviction and sentence. See United States v. Koehn, 580 F. App'x 46 (2d Cir. 2014) (summary order). Koehn subsequently timely filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on November 9, 2015. (Docket No. 127 ("2255 Mot.")) Koehn has also filed a motion to expand the record, requesting that the Court consider four affidavits attached to that motion. (Docket No. 128) The Government responded to Koehn's petition (Docket No. 131).

## III. DISCUSSION

**A.    Koehn's § 2255 Motion**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes

4

a fundamental defect which inherently results in complete miscarriage of justice."

Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting

United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

The petitioner bears the burden of proving such a fundamental defect by a preponderance

of the evidence.  See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005)

(citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)).  Moreover, because

Koehn is *pro se*, the Court must "liberally construe" his submissions "to raise the strongest

arguments they suggest."  Harris v. Miller, 818 F.3d 49, 56 (2d Cir. 2016) (internal citation

and quotation marks omitted).

Liberally construed, Koehn argues that (1) he is actually innocent of the attempted

production charge; and (2) his guilty plea was not knowing and voluntary because

counsel: coerced him into pleading guilty to the attempted production charge; incorrectly

told Koehn that he could not plead guilty to the possession charge while simultaneously

going to trial on the production charge; "exaggerated the maximum sentence [Koehn]

would receive if he went to trial"—life imprisonment—and "falsif[ied] the minimum

sentence he would receive if he signed a plea agreement"; failed to advise him of the

elements the Government would need to prove at trial; and failed to advise him that he

could plead guilty in open court.

## B.    Waiver

As indicated above, Koehn "knowingly waive[d] [his] right to appeal and collaterally

attack any component of a sentence imposed by the Court" within the Guidelines range.

(Plea Agreement, ¶ 23.)   A collateral attack waiver is "presumptively enforceable."

Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (internal citation, quotation

marks, and alterations omitted). A court may only disregard a collateral-attack waiver in a few narrow circumstances, including where "the waiver was not made knowingly, voluntarily, and competently." Id.; United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) ("We have repeatedly upheld the validity of appeal waivers if they are knowingly, voluntarily, and competently provided by the defendant." (internal quotation marks, citation, and alterations omitted)). "An enforceable waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed." Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005).

Here, Koehn's sentence for imprisonment was less than the guideline sentencing range set forth in the plea agreement, and the term of supervised released was within the range set forth in the plea agreement. (Docket 85 ¶ 23) Consequently, Koehn's waiver of rights is enforceable.

## C. Actual Innocence

First, Petitioner asserts that he is actually innocent of the attempted production charge to which he plead guilty. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" when his habeas claim is otherwise subject to dismissal by reason of "expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 133 S. Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). Under this exception, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." Id. at 392; cf. Rivas v. Fischer, 687 F.3d 514, 517-18 (2d Cir. 2012) (observing that "[t]he Supreme Court has recognized that a 'credible' and 'compelling' claim of actual innocence may provide a 'gateway' through other procedural barriers to habeas relief").

The actual innocence exception is "demanding and permits review only in the extraordinary case." House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L.Ed.2d 1 (2006) (quotation marks omitted). Thus, a petitioner invoking actual innocence must make a claim that is "both credible and compelling." Rivas, 687 F.3d at 541. An actual innocence claim is "credible" when it is "supported by 'new reliable evidence . . . that was not presented at trial.'" Id. (citing Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995)). And an actual innocence claim is "compelling" where it is "'more likely than not [that], in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.'" Id. (citing House, 547 U.S. at 538, 126 S. Ct. 2064).

Petitioner has not satisfied either requirement of the actual innocence exception: he identifies no "new evidence" (or any evidence whatsoever) supporting his claim, and he is therefore unable to show that it is "more likely than not" that "no reasonable juror would find him guilty beyond a reasonable doubt." Id. Thus, Petitioner may not rely on a claim of actual innocence to overcome the collateral-attack waiver in his plea agreement.

## D. Ineffective Assistance of Counsel[1]

Koehn's ineffective assistance of counsel claims are not necessarily barred by the

---

[1] The Government argues that Koehn is barred from raising any claims of ineffective assistance of counsel because he failed to first raise them in his direct appeal. (Docket No. 131, Gov't Br. at 23) The Government is incorrect. In general, where a petitioner does not raise a claim on direct appeal, that claim is procedurally barred from being raised collaterally in a habeas petition unless petitioner can first demonstrate cause and actual prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998). However, the same standard does not apply for a claim of ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance"). Where a petitioner has not raised an ineffective assistance of counsel claim on direct appeal, the Supreme Court has stated that, "failure to [do so] . . . does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Id. at 509.

waivers above, because "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002), cert. denied, 537 U.S. 1146 (2003). Rather, "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel." Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008) (emphasis added). This is because, if a petitioner challenges counsel's effectiveness in connection with the plea agreement itself, he is in essence challenging the constitutionality of the process by which he waived his right to collaterally attack the sentence, and his claim therefore survives the waiver. Id. ("although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."). To provide effective assistance of counsel, "defense counsel 'must give the client the benefit of counsel's professional advice on this crucial decision' of whether to plead guilty." Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000) (quoting Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996)).

This Court must consider then whether Petitioner states "a 'meritorious' claim that 'the waiver was the result of ineffective assistance of counsel.'" Brown v. United States, 637 F. Supp. 2d 212, 217 (S.D.N.Y. 2009) (quoting United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)). Such a claim requires that Petitioner demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that this deficiency in performance affected the outcome of the plea process. Hill v. Lockhart,

474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-688, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This Court must reject Petitioner's ineffective assistance of counsel claim if it fails to meet either prong. Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (citing Bennett v. United States, 663 F.3d 71, 85 (2d Cir. 2011) and Strickland, 466 U.S. at 687). Further, there is a strong presumption that a trial counsel's conduct falls within the range of reasonable professional assistance and, absent the complete lack of tactical justification, courts will generally not second-guess strategic decisions. United States v. Cohen, 427 F.3d 164, 170-71 (2d Cir. 2005).

Here, Koehn's claims of ineffective assistance of counsel contradict the sworn statements he made at his plea allocution. As discussed in detail above, the court confirmed with Koehn that he understood the elements of the charges to which he was pleading guilty and that the Government would be required to prove each of those elements beyond a reasonable doubt if Koehn elected to proceed to trial (Tr. at 9-11), that he understood how the sentencing ranges and terms of supervised release were calculated (Tr. at 17-18), that he had the option to plead to both or either charges (Tr. at 19), and finally, Koehn confirmed that he was thinking clearly and competently and that his statements at the plea proceeding were voluntary, which belies Koehn's assertion that counsel coerced him into pleading guilty (Tr. at 7, 20). Cf. Garcia-Giraldo v. United States, 691 F. Supp. 2d 500, 512 (S.D.N.Y. 2010) ("The ultimate choices were appropriately the petitioner's, but they were freely and voluntarily made after thorough and considered advice by his trial counsel. There was no coercion."). A court can reject bald accusations of ineffective assistance of counsel that contradict a § 2255 petitioner's sworn statements

9

at the plea allocution.  See Brown, 637 F. Supp. 2d at 223-24 (denying § 2255 motion because "[petitioner]'s statements at his plea allocution control over his current, conclusory statements that counsel was ineffective").  Accordingly, Petitioner has not provided any facts showing that his counsel rendered ineffective assistance on this basis.

## E.  Evidentiary Hearing

In his § 2255 petition, Koehn requests an evidentiary hearing to resolve alleged factual issues concerning his claims.  Section 2255 provides that a court shall hold an evidentiary hearing "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255).  Rule 4(b) of the Rules Governing Section 2255 Proceedings also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ."  Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28 U.S.C. § 2255.  And on this issue, the Second Circuit has made clear that "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'"  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000)).

Here, this Court determines that an evidentiary hearing is not warranted, because Koehn's motion and the record conclusively demonstrate that he is entitled to no relief under § 2255, as thoroughly discussed above.

**F.     Motion to Expand the Record**

Finally, Koehn has filed a motion to expand the record to include four affidavits authored by himself, his mother, his mother's friend, and his girlfriend.  (Docket No. 128)  Under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Under Rule 7(a), "[i]f the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion."  Rule 8(a) provides that, "[i]f the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Here, the record is sufficient, without further discovery, for the Court to rule on Koehn's § 2255 Motion.  Accordingly, the motion to expand the record will be denied.

**G.     Certificate of Appealability**

For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert. denied*, 538 U.S. 950 (2003).  Koehn has made no such substantial showing of the denial of a constitutional right in this case.

## IV. CONCLUSION

For the reasons stated above, Koehn's Motion to Vacate, Set Aside or Correct his Sentence and his Motion for to Expand the Record are denied. If Koehn wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date of judgment in this action. See Fed. R. App. P. 4(a)(1)(B)(i). Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 127) is DENIED.

FURTHER, that Petitioner's Motion to Expand the Record (Docket No. 128) is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of the Court is directed to CLOSE 15-CV-984.

SO ORDERED.

Dated:     October 25, 2018
           Buffalo, New York


                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                  United States District Judge