UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                    **DECISION AND ORDER**
                                                           10-CR-264S

JOSEPH A. KOEHN,

                Defendant.

On July 30, 2020, this Court denied Defendant Joseph A. Koehn's *pro se* Motion for Compassionate Release brought under 18 U.S.C. § 3582 (c)(1)(A). See United States v. Koehn, 10-CR-264S, 2020 WL 4361675 (W.D.N.Y. July 31, 2020).[1] Koehn now seeks reconsideration on the basis that the number of positive COVID-19 cases has increased at FCI Petersburg Low, the Bureau of Prisons facility in which he is held. (Docket No. 157.)  For the reasons below, Koehn's motion is denied.

Motions for reconsideration brought in criminal cases are assessed under the civil reconsideration standard, since there is no express criminal procedure provision for such motions.  See United States v. Larson, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases).  Reconsideration is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d

---

1 This decision is filed at Docket No. 156.

1

Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny reconsideration lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties seeking reconsideration "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D. Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by previous rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

Judged against these well-settled standards, Koehn's motion fails. Read broadly, Koehn contends that new evidence of positive COVID-19 cases at his facility warrants reconsideration. At the time of this Court's previous decision, there were no inmate cases and only one staff case (then recovered). See Koehn, 2020 WL 4361675, at *7.

As of August 24, 2020, there are 58 inmate and 2 staff cases (both recovered).[2]  Despite this increase, Koehn continues to allege nothing more than the general possibility of contracting COVID-19, and he continues to make no showing that FCI Petersburg Low's plan and efforts to combat the disease are inadequate or that the facility is unable to adequately treat him if he becomes ill.  See id.  That there are now more cases does not change these findings.  See United States v. Quinones, 13-CR-83S (1), 2020 WL 4529365, at *5 (W.D.N.Y. Aug. 6, 2020) (denying compassionate release to defendant in facility with 53 inmate and 2 staff cases); United States v. Korn, 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6-8 (W.D.N.Y. Apr. 9, 2020) (denying compassionate release to defendant who failed to show inadequacy in Bureau of Prisons plan or ability to treat him).

      The balance of Koehn's motion relays his disagreement with this Court's decision and continues to advocate for his release.  That, however, is not a proper basis for reconsideration.  See Duane, 1994 WL 494651 at *1; Nossek, 1994 WL 688298, *1.  And nothing in Koehn's motion changes this Court's previous determination that a sentence reduction would not be consistent with the factors set forth in 18 U.S.C. § 3553 (a) or that Koehn remains a danger to the community, two findings that preclude compassionate release under 18 U.S.C. § 3582 (c)(1)(A).  See Koehn, 2020 WL 4361675, at *7-8.  Reconsideration is therefore not warranted.

---

2  https://www.bop.gov/coronavirus/ (last visited August 25, 2020).

IT HEREBY IS ORDERED, that Koehn's motion for reconsideration (Docket No. 157) is DENIED.

SO ORDERED.

Dated:     August 25, 2020
           Buffalo, NY

                                          s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge